# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN MEZA-COLINDRE,<br>**Petitioner** | : | No. 3:26cv1127 |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| ANGELA HOOVER, Warden – Clinton | : | |
| County Correctional Facility; | : | |
| MARKWAYNE MULLIN, DHS | : | |
| Secretary; and JOHN E. RIFE, Acting | : | |
| Field Office Director – ERO | : | |
| Philadelphia, | : | |
| **Respondents** | : | |

····················································································

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Steven

Alexander Meza-Colindre pursuant to 28 U.S.C. § 2241. (Doc. 1).  Petitioner

challenges his present detention at the Clinton County Correctional Facility by

Immigration and Customs Enforcement ("ICE") and the Department of Homeland

Security ("DHS").  For the reasons set forth below, the petition will be granted,

and Meza-Colindre will be released.[1]

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Meza-Colindre filed the instant petition while detained at the Clinton County Correctional Facility in McElhattan, Pennsylvania, which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition.  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Meza-Colindre is a native and citizen of Nicaragua. (Doc. 5-2, Resp. Ex. 4, Second I-213, at 1). He is unmarried and has no children. (Id.) With respect to his employment, Meza-Colindre asserts in his petition that he works as a coil binding engineer. (Doc. 1, Pet. at 1). DHS records reflect that his employment was categorized within the "Operators, Fabricators, and Laborers" field. (Doc. 5-2, Resp. Ex. 4, Second I-213, at 2).

Petitioner entered the United States of America on or about March 12, 2022 in Roma, Texas without having been admitted or paroled. (Doc. 5-2, Resp. Ex. 1, First I-213, at 2; Doc. 1, Pet. at 1). Upon entry, petitioner was encountered by the United States Border Patrol and placed into removal proceedings. (Id. First I-213, at 2). Meza-Colindre was later released on his own recognizance. Petitioner was also issued a Notice to Appear scheduling a hearing before an Immigration Judge ("IJ") on July 31, 2023. (Doc. 5-3, Resp. Ex. 2, Notice to Appear at 1).

On January 23, 2024, Petitioner filed an I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture. (Doc. 5-3, Resp. Ex. 2, Notice to Appear at 1). In his filings before the Immigration Court, Meza-Colindre acknowledged that he entered the United States without being admitted or paroled following inspection by an Immigration

2

Officer. (Id. at 5).  Petitioner further conceded his removability under Section 212(a)(6)(A)(i) of the INA. (Id.)  Petitioner's I-589 application remains pending.

Thereafter, Meza-Colindre was issued a social security number and an employment authorization card, allowing him to work lawfully in the United States. (Doc. 1, Pet.at 1; Doc. 5, Resp. Br. at 5).

On April 10, 2026, the Middleburg Police Department contacted ICE after officers encountered Meza-Colindre while investigating a hit-and-run vehicle accident. (Doc. 5-5, Resp. Ex. 1, Second I-213, at 2).  The respondents' records do not specify Meza-Colindre's role in the accident, namely, whether he was the driver who struck the vehicle and fled the scene, the driver of an impacted vehicle, a passenger in a vehicle, a registered owner of a vehicle, or a witness.[2] Petitioner was taken into custody and detained at the Clinton County Correctional Facility in McElhattan, Pennsylvania, where he remains detained.[3] (Id.)

---

[2] The Form I-213 mentions the hit-and-run incident. (Doc. 5-5, Resp. Ex. 4, Second Form I-213 at 2).  Notably, the same page of the form reflects that Meza-Colindre has "no prior criminal history."  Respondents provide no additional details regarding the incident in their brief.  On the present record, the court concludes that the petitioner was not charged in connection with the hit-and-run incident and that he otherwise has no criminal history.

[3] See U.S. Immigration and Customs Enforcement Online Detainee Locator System available at: https://locator.ice.gov/odls/#/search  (last accessed May 28, 2026).

Petitioner is presently in removal proceedings.  He appeared before an IJ on May 12, 2026, and his next hearing is scheduled for June 4, 2026.[4] (Doc. 5-5, Resp. Ex. 5, Notice of Internet-Based Hearing, at 2).

With his petition for writ of habeas corpus, Meza-Colindre argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute.  Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute.  Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing.  Petitioner requests his immediate release from detention.[5] (See Doc. 1, Pet. at 1-5).  On May 26, 2026, Meza-Colindre filed a traverse renewing the arguments advanced in his petition.[6] (Doc. 8, Traverse at ECF pp.1-3).

On behalf of respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the

---

[4] See also EOIR Automated Case Information, located at: https://acis.eoir.justice.gov/en/ (last visited May 28, 2026).

[5] Petitioner filed a motion seeking an expedited ruling on his petition and his immediate release. (Doc. 7).

[6] In the traverse, petitioner largely reiterates the arguments raised in his petition in support of his request for immediate release. (Doc. 8, Traverse at ECF p.1).  He also seeks leave to file an additional traverse and requests an extension of time to do so. (Id.)  Upon review, that request is moot in light of the court's decision to order his immediate release.  The court is satisfied that the parties' submissions are sufficient to permit resolution of the petition.

petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[7] Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[8] See Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----,

---

[7] Respondents contend that the only proper respondent is Angela Hoover, the Warden of Clinton County Correctional Facility. (Doc. 5, Resp. Br. at 18). Here, consistent with Padilla, Meza-Colindre has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed.

To the extent that Angela Hoover is the only proper respondent in this matter, Hoover is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

[8] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).  The respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2) (collecting cases).  The court thus reads the response as not contesting the facts of Meza-Colindre's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Cunha, Lopez-Campos, or its prior decisions.[9]  Although Meza-Colindre entered the country without being admitted or paroled, he was later issued a social security number and an employment authorization permitting him to engage in gainful employment.  Because the parties frame Meza-

---

[9] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

Colindre's detention as governed solely by these two statutory provisions, the court concludes that Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.[10]

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Meza-Colindre 's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030

---

[10] Meza-Colindre is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Cunha, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

(2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Meza-Colindre's continued imprisonment at the Clinton County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[11] The record contains no evidence that Meza-Colindre has committed any

---

[11] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]"

8

criminal offense.  To the contrary, the record reflects that Meza-Colindre has been employed as a coil binding engineer. (Doc. 1, Pet. at 1).  In response to the petition, the government has provided no information suggesting that Meza-Colindre is either a danger to the community or a flight risk.  Indeed, upon entry into this country, the government released the petitioner on his own recognizance. That will happen again today.

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).  Meza-Colindre's continued detention without bond under Section 1225(b)(2)(A) violates his due process rights.  The circumstances presented here demonstrate that release is the

---

Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 2025 WL 3537279 at *7.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

9

appropriate remedy. Therefore, respondents shall immediately release Meza-Colindre from custody because he has been unlawfully detained without the opportunity for a bond hearing. See Kashranov v. Jamison, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (Wolson, J).

Respondents will be temporarily enjoined from re-arresting Meza-Colindre for a period of seven days to ensure the effectiveness of the habeas remedy. Id. Respondents, including ICE, may not impose additional conditions on Meza-Colindre's release, including any form of body-worn electronic monitoring.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Steven Alexander Meza-Colindre's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) Meza-Colindre's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondents shall **immediately** release Meza-Colindre from their custody;

4) On or before **June 2, 2026 at 12:00 noon**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Meza-Colindre has been released;

5) Respondents shall release Meza-Colindre under the same conditions that existed prior to his detention, including release: (1) without the imposition of additional conditions (such as ankle monitors or electronic tracking

10

devices); (2) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (3) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) Respondents are temporarily enjoined from re-arresting Meza-Colindre for a period of 7 days to ensure that this habeas remedy is effective;

7) Petitioner's motion for "an expedited summary judgment order," (Doc. 7), is **DENIED** as moot;

8) Petitioner's request for an extension of time to file an additional traverse, (Doc. 8), is also **DENIED** as moot; and

9) The Clerk of Court is directed to **CLOSE** this case.

Date: 5/28/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11